RECEIVED
OCT 3 0 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| YOLANDA WHITE | CIVIL ACTION NO. 06-0863 |
| versus | JUDGE JAMES |
| V. FAEZA JONES, M.D., ET AL. | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Surviving relatives of Andre White filed a wrongful death/medical malpractice suit in state court against two physicians (and their respective medical-clinic employers) who allegedly treated Mr. White prior to his suicide. Dr. V. Faeza Jones is alleged to have treated Mr. White at Jones Clinic West, Inc. in Tallulah, Louisiana. Dr. Donald Perry is alleged to have treated Mr. White at Outpatient Medical Center, Inc. in Tallulah.

The United States removed the case based on an assertion that Outpatient Medical Center, Inc. has been deemed eligible for Federal Tort Claims Act ("FTCA") malpractice coverage since 1996, thus permitting removal pursuant to the FTCA. See McLaurin v. U. S., 392 F.3d 774 (5th Cir. 2004) (describing removal of malpractice claim against a physician employed by a medical clinic that received federal funds). The Government has also certified pursuant to 28 U.S.C. § 2679 that Dr. Perry was working in the course and scope of his employment at the clinic at the relevant times.

Before the court is the Government's Motion to Substitute and to Dismiss (Doc. 12). For the reasons that follow, it is recommended that the motion be granted by (1) substituting

the United States as defendant in place of Outpatient Medical Center, Inc. and Dr. Donald Perry and (2) dismissing without prejudice all claims against the United States for failure of Plaintiffs to exhaust their FTCA administrative remedies before instituting this civil action.

**Substitution of United States as Defendant**

The exclusive remedy for compensation for tortious acts committed in the scope of employment by a federal employee or one deemed a federal employee is the FTCA. "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998). "[T]he United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit." Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988). Furthermore, once the Government files a statutory course-and-scope certification, the "action or proceeding shall be deemed to be an action or proceeding brought against the United States under the [FTCA], and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2).[1]

---

[1] Section 2679(d) provides:

(1) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

(2) Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed

Attached to the Government's motion are copies of letters by which the Department of Health & Human Services ("DHHS") certifies, with respect to a business named *Natchitoches* Outpatient Medical Center, that the DHHS "deems the above named entity to be an employee of the Federal Government, effective June 23, 1996, for the purposes of Section 224." The letter goes on to explain that Section 224 of the Public Health Service Act provides liability protection under the FTCA for damage for personal injury, including death, resulting from the performance of medical related functions.

The Government also submits a declaration from Richard Bergeron, a senior trial attorney with the DHHS, who testifies that agency records show that "Outpatient Medical Center, Inc." was deemed eligible for FTCA malpractice coverage in June 1996 and that its deemed status has continued without interruption since that date. Mr. Bergeron adds that agency records indicate that Dr. Perry was an employee of the Center at all times relevant to this civil action.

The United States Attorney has filed a certification (Doc. 25) that Dr. Perry was acting within the scope of his office or employment at the time of the alleged malpractice. Such a certification permits removal of a state court action against an individual defendant and

---

without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

substitution of the United States as the party defendant. 28 U.S.C. §2679(d). Plaintiffs have not disputed that Dr. Perry was acting within the course and scope of his employment at the time of the alleged malpractice alleged in the complaint and, presumably, Plaintiffs relied upon such a contention and the doctrine of respondeat superior to support their assertion of a claim against Dr. Perry's employer, the medical center.

Plaintiffs offer a single objection to the substitution of the United States for Outpatient Medical Center, Inc. They point out that the certification documents attached to the Government's motion refer to *Natchitoches* Outpatient Medical Center with an address in Natchitoches, Louisiana. Plaintiffs' petition names as defendant Outpatient Medical Center, Inc., located in Tallulah. The declaration by Mr. Bergeron does not explain the discrepancy, though it implies that the correspondence regarding the Natchitoches Clinic applies to the named defendant-clinic in this case. A sentence or two of testimony from Mr. Bergeron likely could have clarified matters and avoided this obvious issue, but no such testimony has been offered.

The Government has, in response to Plaintiffs' raising the issue, attached to its reply memorandum (Doc. 19) a copy of a page from the Louisiana Secretary of State's corporations database that indicates a corporate name change in 1998 is responsible for the difference. The original name of the entity is reported to have been Natchitoches Outpatient Medical Center, Inc., with a change in 1998 to Outpatient Medical Center, Inc. Plaintiffs have not had an opportunity during the briefing process to challenge that document or the

explanation, but the explanation appears adequate to issue this Report and Recommendation and permit any such challenge to be made during the objections period. If Plaintiffs have any facts with which to challenge the Government's showing that Natchitoches Outpatient Medical Center, Inc. is simply a prior name for Outpatient Medical Center, Inc., they should present evidence of those facts together with any objections to this Report and Recommendation. On the current record, the Government's showing is adequate to recommend that the United States be substituted as a defendant in place of both Dr. Donald Perry and Outpatient Medical Center, Inc.

**Dismissal for Failure to Exhaust**

The United States argues that the next proper step is to dismiss without prejudice the claims against it because Plaintiffs did not exhaust their FTCA administrative remedies prior to filing this suit. The FTC provides that an action "shall not be instituted" upon a claim "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). However, the failure of an agency to make final disposition of a claim within six months after it is filed "shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." Id.

Mr. Bergeron represents that he has searched the applicable database for administrative claims and found one claim related to the malpractice allegations at issue in this suit, but the claim was filed *after* this civil action commenced. Mr. Bergeron represents,

and Plaintiffs agree, that their only administrative claim relevant to this action was filed on February 2, 2006. Plaintiffs urge that their failure to exhaust their administrative remedies before they filed suit in state court in 2005 should be forgiven because six months have now passed without action by the agency, giving Plaintiffs the option to institute a civil action.

The law is squarely against Plaintiffs on that issue. "An action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." Price v. U. S., 69 F.3d 46, 54 (5th Cir. 1995), citing McNeil v. U. S., 113 S.Ct. 1980 (1993). The requirement is jurisdictional and may not be waived. Price, supra. And the exhaustion requirement extends with equal force to those civil actions that are begun in state court. Celestine v. Mount Vernon Neighborhood Health Center, 403 F.3d 76, 82 (2d Cir. 2005). Plaintiff's claims against the Unites States should, therefore, be dismissed without prejudice for failure to exhaust administrative remedies before the institution of this civil action.

**Conclusion; Remand or Consolidation Issues**

The entire case against the federal defendants and the two private defendants was properly removed, and the claims against all of the defendants came before the federal court. Dillon v. State of Mississippi Military Department, 23 F.3d 915 (5th Cir. 1994). The United States has established that it should be substituted as defendant in place of Outpatient Medical Center, Inc. and Dr. Perry. It is also established that the claims against the United States should then be dismissed without prejudice for failure of Plaintiffs to exhaust their

administrative remedies before they instituted this civil action. That presents the issue of what to do with the claims against Dr. Jones and Jones Clinic West, Inc.

It has been recommended that the court dismiss all claims over which it had original jurisdiction pursuant to the FTCA. There is no assertion of diversity or other independent basis for the exercise of jurisdiction over the claims against Dr. Jones and Jones Clinic West, Inc., so the court has only supplemental jurisdiction over those defendants pursuant to 28 U.S.C. § 1367. That statute grants the court discretion to decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it had original jurisdiction. Section 1367(c)(3). The general rule in the Fifth Circuit is that state law claims should be dismissed once the claims arising under federal jurisdiction are dismissed. Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). The claims against Dr. Jones and his clinic would ordinarily be prime candidates for remand pursuant to this rule. See Lombard v. New Orleans Naval Support Activity, 2004 WL 2988483 (E.D. La. 2004) (remanding state law claims after FTCA claims were resolved). But circumstances may counsel against remand at this time.

Plaintiffs have filed a virtually identical civil action in this court, 06 CV 1445, against Dr. Perry and Outpatient Medical Center, Inc. (but not the two private defendants) that alleges more than six months passed after the filing of the administrative claim before that action was instituted. The United States has filed a motion to dismiss that action because the United States was not the named defendant, but the undersigned has recommended that the case not be dismissed and that the United States be substituted, as in this case, in place of Dr.

Perry and Outpatient Medical Center, Inc. Assuming that recommendation is accepted and the complaint survives the motion to dismiss, judicial economy and the desire to avoid piecemeal litigation and potentially inconsistent results with respect to any comparative fault among the defendants may counsel consolidation of the FTCA claims pending in 06 CV 1445 with what may be similar and related state-law claims against Dr. Jones and his clinic that remain pending in this action.

The undersigned makes no recommendation, for the time being, that remand or consolidation be ordered. Nothing is known about the relationship among the claims beyond the scant facts pleaded in the petition filed in this action and the complaint filed in 06 CV 1445, so more information may be needed to make an informed decision on those issues. Once any objections have been filed and the pending motions in the two cases have been resolved, the issues of remand and consolidation can be considered by the district judge *sua sponte* or on proper motion filed by an interested party.

Accordingly,

**IT IS RECOMMENDED** that the Government's **Motion to Substitute and to Dismiss (Doc. 12)** be **granted** by (1) substituting the United States as defendant in place of Outpatient Medical Center, Inc. and Dr. Donald Perry and (2) **dismissing without prejudice** all claims against the United States for failure of Plaintiffs to exhaust their administrative remedies before instituting this civil action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 30th day of October, 2006.

                                        MARK L. HORNSBY
                            UNITED STATES MAGISTRATE JUDGE

cc: Judge James